Jennie Barone, Appellant, v. Clarence Forgette, Respondent.
Anna Botch, Appellant, v. Clarence Forgette, Respondent.

Third Department, November 16, 1955.

*Ernest Abdella* for appellants.

*George B. Smith* and *Earl S. Jones* for respondent.

Zeller, J. The plaintiffs were injured when the automobile in which they were passengers was struck from the rear by a vehicle owned and operated by the defendant. Actions were

instituted and thereafter consolidated for the purpose of trial. The trial resulted in a verdict in favor of the plaintiff, Mrs. Barone, for $800 and one in favor of Mrs. Botch, the other plaintiff, for $2,750. Each plaintiff appeals from the judgment entered on the verdict in her action and from the order denying her motion for a new trial on the ground that the amount awarded is inadequate. The defendant has not appealed.

Mrs. Barone, a woman of forty, was employed before the accident as a glovemaker and had average weekly earnings of approximately forty dollars. Her physician testified that as the result of the accident she had difficulty in moving her right arm, right shoulder, neck and back and that muscle spasm was present in the area of her neck, right shoulder and lumbar region. He did not otherwise describe the nature of her injuries and no other medical proof was offered on her behalf or by the defendant. Mrs. Barone was hospitalized for three weeks during which she was given heat treatments and massage and took sedatives for pain. Her physician estimated that her injuries prevented her from returning to her employment for twelve weeks. He testified that for several months after she returned to work, he administered treatment at his office for the pain of which she complained in her neck and back. The physician's bill for services was $245 and the hospital charge was $324.

The jury had the right to determine whether the amounts of the bills were proper charges, the nature and extent of Mrs. Barone's injuries and the length of time she was unable to work because of the injuries received in the accident. But such determinations may not be made in disregard of the credible evidence presented. Upon this record, we are unable to find justification for the jury's verdict in the case of Mrs. Barone and we deem it inadequate.

Mrs. Botch was a widow seventy years of age and unemployed at the time of the accident. She sustained a fracture of the body of the seventh dorsal vertebra. She was hospitalized for three weeks during which time she was fitted for a brace and given medicine for pain. Mrs. Botch's physician testified that she would always have the fracture and some pain, and would need to wear the brace for an unspecified time. He predicted no other consequences nor did he prognosticate any disability as the result of the accident. Mrs. Botch's testimony concerning the limitation of her activities as the result of the accident was not clear and the jury had the right to disregard it. Her special damages consisted of a physician's bill of $375, a hospital bill

of $334 and $43 for the cost of the brace. Under these circumstances, we conclude that the jury's evaluation of the case was within permissible limits.

Other questions raised by Mrs. Botch upon the appeal relate to the exclusion of evidence. Counsel, on behalf of Mrs. Botch, offered in evidence a mortality table showing her life expectancy which was objected to on the ground that such evidence was improper except in a wrongful death action and the objection was sustained. Testimony had been given that Mrs. Botch would always have the fracture and some pain, and the tables should have been admitted to show her probable life expectancy as relating to the length of time she would carry the injury and endure the pain. Standard mortality tables are generally admissible not only to show the probable life expectancy of a decedent in an action for wrongful death but also as some guide to the jury in evaluating damages in any negligence action where permanency is involved. However, because of the limited scope of such tables — they are only slight evidence of the expectancy of life of any particular person (*Hartley* v. *Eagle Ins. Co.,* 222 N. Y. 178, 186) — we do not believe the exclusion requires us to reverse this judgment.

The other assigned error relates to a question by Mrs. Botch's counsel to her physician after he had testified that she had sustained a fracture of a vertebra in her back. He was asked, " What symptoms necessarily and ordinarily follow from an injury of that type? " Defense counsel objected and the objection was sustained. Counsel for Mrs. Botch argues that it was proper for him to elicit proof of symptoms which ordinarily follow such an injury as tending to show that Mrs. Botch's condition was due to her injury. However, as the only symptom the physician testified that Mrs. Botch had as the result of the accident was pain, the question should have been limited to whether pain necessarily and ordinarily follows from a fractured vertebra. Other symptoms not uncommon following a fractured vertebra are stiffness, loss of motion and even paralysis and functional disorder. Had the physician been permitted to answer the question as asked, he undoubtedly would have talked of symptoms which Mrs. Botch did not have and thus have interjected prejudicial matter into the case. It is our opinion that the Trial Judge correctly sustained the objection.

The judgment and order entered in the action brought by Mrs. Barone should be reversed, on the law and the facts, and a new trial granted, with costs to her to abide the event. The

judgment and order entered in the action brought by Mrs. Botch should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Judgment and order in the action of *Barone* v. *Forgette* reversed, on the law and the facts, and a new trial granted, with costs to abide the event.

Judgment and order in the action of *Botch* v. *Forgette* affirmed, without costs.